IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**RANDY HUGHES**                                                                                      **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO. 2:17-cv-128-KS-MTP**

**GLORIA STEVENS, et al.**                                                                    **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court, *sua sponte*, upon Plaintiff's failure to prosecute and failure to comply with certain orders of the Court. Based upon the record and the applicable law, the undersigned recommends that this case be dismissed without prejudice.

Plaintiff filed this 42 U.S.C. § 1983 lawsuit on July 27, 2017 claiming various civil rights violations resulting from his imprisonment at the Jasper County Jail. Compl. [1]. A *Spears*[1] hearing was set in the matter for November 13, 2018 to clarify Plaintiff's claims. Order [24]. The Order [24] was returned as undeliverable but included a forwarding address from the prison. Doc. [27]. The Court then sent an Order [28] directing Plaintiff's appearance at the *Spears* hearing. Counsel for Defendants appeared at the November 13, 2018 hearing, but Plaintiff did not. *See* Minute Entry, November 13, 2018.

The Court then ordered Plaintiff to show cause and set a hearing for December 13, 2018. Order [30]. Again, counsel for Defendants appeared at the show cause hearing and Plaintiff did not. *See* Minute Entry, December 13, 2018. Further, Plaintiff's mail continues to be returned as undeliverable and he has not provided the Court with an updated address. *See* Doc. [31].

Pursuant to Federal Rule of Civil Procedure 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

1

the court.  *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 629-30 (1962); *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998).  The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to . . . clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases."  *Link,* 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.,* 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial court's Rule 41(b) discretionary authority).  This case exemplifies the type of inaction that warrants Rule 41(b) dismissal.

Plaintiff has failed to appear twice and has not complied with the Court's orders.  *See* Orders [24], [28], [30].  Defendants have answered, and their counsel has repeatedly attended hearings set in this matter, while Plaintiff has not filed anything in this case since May 17, 2018. Resp. [14].  Plaintiff appears to have lost interest in prosecuting this matter.

Based on Plaintiff's contumacious conduct and the clear record of delay in this matter, this case may properly be dismissed under Rule 41(b).  *See Hejl v. State of Texas*, 664 F.2d 1273, 1274-75 (5th Cir. 1982); *see also Larson*, 157 F.3d at 1032 (affirming dismissal where plaintiff had been warned that dismissal could result from his failure to comply with court order).

**RECOMMENDATION**

As Plaintiff has failed in his obligations to prosecute his case and to comply with the court's orders, it is the recommendation of the undersigned that this matter be dismissed without prejudice.

**NOTICE OF RIGHT TO OBJECT**

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the

recommendations, with a copy to the District Judge, the Magistrate Judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 13th day of December, 2018.

/s/ Michael T. Parker
United States Magistrate Judge